## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 3:22-CR-123** |
| Plaintiff, | : | |
| | : | **JUDGE MICHAEL J. NEWMAN** |
| v. | : | |
| | : | **PROTECTIVE ORDER** |
| **KYLE EADIE,** | : | |
| Defendant. | : | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), 18 U.S.C. § 3509(d)(3), and based on patient privacy rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") regulations, 45 C.F.R. 164.512(c)(1), the Court hereby GRANTS the Motion of the United States for entry of a Protective Order, governing the manner in which defendant KYLE EADIE and his counsel may handle certain materials: namely restitution requests and supporting materials, as well as the National Center for Missing and Exploited Children Technical Assistance Report – labeled as Government's Exhibits A through J (collectively "the Materials") – as follows:

1. Defense counsel will not disclose any information contained in the Materials directly or indirectly to any third person except: attorneys, paralegals and support staff who work for defense counsel, investigators who are assisting in KYLE EADIE's defense, and potential experts ("Authorized Individuals").  Upon disclosing said information contained in the Materials to an Authorized Individuals, defense counsel must provide that Authorized Individual with a copy of the Court's Protective Order and advise that Authorized Individual that he or she will be subject to the same obligations as imposed upon defense counsel and KYLE EADIE by the Protective Order.

2. Defense counsel shall not copy or reproduce the Materials unless copied or reproduced for the express use by Authorized Individual(s) who may be assisting in the defense, and in that event, the copies or reproductions shall be treated in the same manner as the original Materials. Defense counsel shall maintain a log of any and all copies or reproductions made of the Materials and to whom they were distributed.

3. Although defense counsel may permit defendant KYLE EADIE to review the Materials under defense counsel's personal observation and supervision, KYLE EADIE may not remove from their counsel or keep the Materials, or copies or reproductions of the Materials, regardless of format, including, but limited to, personal notes reflecting content of the Materials.

4. Defense counsel is authorized to use the Materials solely in the defense of this case and for no other purpose.

5. Defense counsel shall inform defendant KYLE EADIE of these restrictions placed on the Materials, and ensure that they do not disclose or use any information contained in the Materials in violation of the Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification or any provision hereof.

<u>July 25, 2023</u>                                       s/ Michael J. Newman
DATE                                                              JUDGE MICHAEL J. NEWMAN
                                                                          UNITED STATES DISTRICT COURT